## TYLER v. WELCH.

*(Circuit Court, N. D. New York.   September, 1880.)*

1. PATENT—"IMPROVEMENT IN CHEESE HOOPS."—Letters patent granted to William Steinbergh, March 21, 1871, and re-issued August 5, 1879, for an "improvement in cheese hoops," sustained.

2. RE-ISSUE—CONSTRUCTION.—The claim of a re-issue will not be enlarged by construction.

*Duell, Laas & Hey*, for complainant.
*Wm. H. Hubbard*, for defendant.

WALLACE, D. J.   The complainant is the assignee of the letters patent granted to William Sternbergh, March 21, 1871, and re-issued August 5, 1879, for an "improvement in cheese hoops."   The bill is filed to restrain the manufacture and sale by the defendant of cheese hoops known as the "Frazer Hoop," which are manufactured by the defendant under the patent granted to Milton B. Frazer, January 9, 1872.   According to the theory of the complainant it had been usual, in the process of cheese making prior to Sternbergh's invention, to press the curd in a sack or press cloth, and when firm enough to handle the cheese was removed from the hoop, the press cloth

taken off and a bandage put on, and the cheese again placed in the hoop and subjected to pressure. The object of Sternbergh's invention was to complete the process in one operation, and obviate the necessity of first using the press cloth. To effect this it was necessary that a hoop should be constructed in which a bandage could be securely fastened at the upper part of the hoop, because otherwise the bandage would become wrinkled during the process of pressing, and leave indentations in the cheese, which would soon be occupied by skippers, and it was desirable that the bandage should be fastened in such manner as not to interfere with the follower. In the original patent Sternbergh's invention is described as consisting in the employment of an adjustable ring or band for holding the upper end of the bandage inside the hoop, and made to occupy a groove in the hoop so as not to interfere with the follower. The ring is provided with a contrivance for locking it in its place within the groove.

In using the Sternbergh hoop the cheese bandage is placed in the hoop, and its upper edge is held between the ring or band by expanding the band into the groove and locking it in its place. The bandage is then smoothed by letting down what constitutes the bottom of the hoop. The curd is then inserted, and the pressing operation begins, during which the bandage is held firmly in place, while the band, being within the groove, does not obstruct the free passage of the follower.

So far as appears from the proofs, Sternbergh was the first to employ an adjustable band, located within a recess inside the cheese hoop, which would hold the bandage firmly, and yet not interfere with the follower. Neither the Bent nor the Wilson cheese hoop are anticipations. They were designed to effect the same object which Sternbergh sought to obtain—the dispensing with pressing the curd in a sack before pressing it in a bandage—and did effect this, but not by the same means. There is nothing in either of these hoops which would suggest Sternbergh's invention.

The defendant's hoop contains an adjustable band, located partly within the hoop and partly above it. It occupies a recess within the hoop, is locked, and holds the bandage sub-

stantially in place as Sternbergh's does. I cannot doubt that it is an appropriation of Sternbergh's invention, and if the real invention had been more carefully described in the original patent the case would be entirely clear. Some doubt, however, is suggested because the language of the description and claim in the re-issue departs from that employed in the original for describing the recess which holds the band or ring; and it is urged that the re-issue is void as enlarging the scope of the invention disclosed in the original. The original describes a ring or band "made to occupy a groove in the hoop so as not to interfere with the follower." The re-issue describes a hoop "with an annular groove or depression," and a ring or band made to occupy it.

By the aid of the drawings there is no difficulty in ascertaining what the patentee meant in his original specification by the term "groove." Without the drawings, reading the entire description of the several parts, and ascertaining their functions when used in the process of pressing cheese, as detailed, it would be the natural and necessary inference that such a channel was contemplated as would be appropriate for the insertion and location of the expansible band.

The drawings show an annular recess near the upper part of the hoop. The function of this recess is to hold the band, during the downward pressure of the follower, so that the exterior surface of the band shall be the same as that of the interior of the hoop. Any change in the form, or even in the location, of this recess, which does not involve a change of function, would be immaterial, and would be permissible under the original patent. I am of opinion that if this action had been founded on the original patent, complainant could have succeeded.

It is the office of a re-issue to correct errors in the specification and in the claim of the original patent. When alterations are made which enlarge the scope of the patent, and secure to the patentee improvements made by others subsequent to the original patent, they should be carefully scrutinized in order to see that nothing is granted which was not fairly disclosed originally. In this case, I doubt whether there

is any essential change in the specifications; but, certainly, there is none which is fairly open to criticism. While the first claim in the re-issue is capable of a broader construction than is warranted by confining it to the real invention of Sternbergh, yet such a construction should not be given to it, according to the rules which prevail. The second claim is a more exact statement of the invention to which the claimant has the exclusive right.*

A decree is ordered for complainant enjoining the defendant, and for an accounting according to the prayer of the bill, with costs.

*See *Yale Lock Mfg. Co.* v. *Scovill Mfg. Co. ante,* 288.